1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAWRENCE LATHAM, CDCR #G-48528,<br><br>                              Plaintiff,<br><br>    vs.<br><br>MARCUS POLLAN, et al.,<br><br>                              Defendants. | Case No.:  3:20-cv-02177-LAB-BGS<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF Nos. 15, 17]** |

        Plaintiff Joshua Lawrence Latham, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims more than two dozen RJD correctional, mental health, and inmate appeals officials violated his First, Eighth, and Fourteenth Amendment rights in conjunction with his "involuntary psychiatric transfer" to a California Department of State Hospital in Atascadero ("DSH-Atascadero") from February 27, 2020 to March 6, 2020, and several subsequent efforts to involuntarily medicate him and/or transfer him back to DSH-Atascadero once he returned to RJD. *Id.*

at 1–12. Plaintiff's Complaint seeks declaratory and injunctive relief as well as unspecified amounts of compensatory and punitive damages. *Id.* at 14-17.

## I. Procedural Background

On January 8, 2021, the Court denied Plaintiff's initial Motion to Proceed In Forma Pauperis ("IFP") because he failed to submit a certified copy of the prison trust account statements for the 6-month period preceding the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2). *See* ECF No. 12 at 2–5. Plaintiff was granted 45 days leave in which to either prepay the full $400 civil filing fee required by 28 U.S.C. § 1914(a), or file a renewed Motion to Proceed IFP that included the trust account documentation previously lacking. *Id.* at 5–6. The Court directed the Clerk of the Court to provide Plaintiff with the Court's form IFP Motion for his use and convenience. *Id.*

On February 19, 2021, Plaintiff filed a Declaration requesting a 30-day extension of time. *See* ECF No. 13 at 2. Plaintiff claimed RJD officials were "purposely withholding and denying [him] a certified copy of his trust account statement for the past 6-months," *id.* at 1–2, and therefore, he was unable to file his renewed Motion to Proceed IFP within the Court's deadline. *See id.* Assuming Plaintiff's claims true, the Court granted his request for more time, and directed him to either pay the civil filing fee in full, or file his renewed Motion to Proceed IFP, together with the trust accounting required by 28 U.S.C. § 1915(a)(2), within 30 days. *See* ECF No. 14.

On February 29, 2021, Plaintiff filed his renewed Motion to Proceed IFP, which now includes both a CDCR Inmate Statement Report dated August 2020 through February 2021, and a prison trust account certificate calculating his 6-month average monthly account balance and deposit, as well as his available account balance as of February 17, 2021. *See* ECF No. 15 at 4–7.

On March 12, 2021, Plaintiff also submitted a document entitled "Order to Show Cause and Temporary Restraining Order ("TRO")," which the Court construes as a Motion seeking a TRO pursuant to Fed. R. Civ. P. 65. *See* ECF No. 17.

/ / /

## II.   Renewed Motion to Proceed IFP

As Plaintiff now knows, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* And while "a prisoner's financial needs are not the same as those of a non-prisoner," and one "without funds [may] not be denied access to a federal court based on his poverty," *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(4)), "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I. 1984); *see also Frost v. Child and Family Services of San Bernardino Cnty & San Bernardino Juvenile Court*, No. 3:20-CV-2402-JLS-BLM, 2021

---

[1] For civil cases like this one, filed before December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The $50 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.* This administrative fee increased to $52 for civil cases filed on or after December 1, 2020, but that portion still does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

WL 1195834, at *1 (S.D. Cal. Mar. 30, 2021).

Before the enactment of the Prison Litigation Reform Act ("PLRA") in 1996, "indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee." *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016) (citing 28 U.S.C. § 1915(a)(1)). The PLRA however, "placed several limitations on prisoner litigation in federal courts." *Id.* at 84. While his civil action or appeal may proceed upon submission of an affidavit that demonstrates an "unab[ility] to pay such fees or give security therefor," 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999), a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce* 577 U.S. at 84, 85; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor*, 281 F.3d at 847.

Thus, section 1915(a)(2) requires prisoners to submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, "the district court must make a series of factual findings regarding the prisoner's assets." *Taylor*, 281 F.3d at 847 n.2. It must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

As noted above, in support of his renewed Motion, Plaintiff has submitted a sworn declaration of assets which includes the required prison certificate authorized by a RJD

accounting official, as well as a copy of his CDCR Inmate Statement Report for the months of August 2020 through February 2021. *See* ECF No. 15 at 4–7; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. But these documents do *not* demonstrate he is "unable to pay" the $400 civil filing fee. *See* 28 U.S.C. § 1915(a). Instead, Plaintiff's submissions show he has carried an average monthly balance of $1,814.72 in his trust account over the last six months, and that he had an available balance of $1,641.62 to his credit at the time of filing. *See* ECF No. 15 at 4, 6. Indeed, unlike most inmates who claim no or very minimal monthly income attributable to in-prison employment, Plaintiff attests he is entitled to monthly profit sharing income from the Hoopa Valley Tribal Council. *See* ECF No. 15 at 2–3, 6; *cf. Roberts v. Hensley*, No. 3:15-CV-1871-LAB (BLM), 2019 WL 2618124, at *2 (S.D. Cal. June 25, 2019) (finding prisoner was "clearly indigent" where "[h]e ha[d] no funds in any of his accounts and thus would be unable to pay any costs assessed to him."). Plaintiff's trust account statements confirm a total of $1,682.79 in "tribal profit sharing" deposits to his account between August and December 2020, and an additional $2,477.38 in "Misc. Income (Exempt)" deposits during the months of November and December 2020. *Id.* at 6.

Thus, because the Court finds Plaintiff is able pay the full $400 civil filing fee required to commence a civil action, his renewed Motion to Proceed IFP must be **DENIED**.

## III.   Motion for TRO

Plaintiff has also filed a Motion seeking a TRO "requiring the Defendants to remove [him] from unwanted retaliatory mental health treatment and retaliatory medication," and the "expunge[ment] [of] falsified mental health records from his C-File." *See* ECF No. 17 at 6.

However, to the extent Plaintiff seeks a TRO without notice upon an adverse party, he cannot prevail because his submission fails to set out "specific facts in an affidavit or a verified complaint . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R.

Civ. P. 65(b)(1)(A); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) ("[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is asked to enjoin the conduct of a state agency)  (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).

Moreover, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Because Plaintiff is not entitled to proceed IFP, he is not entitled to U.S. Marshal service pursuant to 28 U.S.C. § 1915(d), and he has not filed proof of service upon any Defendant on his own. *See* Fed. R. Civ. P. 5(d)(1)(B)(i); S.D. Cal. CivLR 5.2. No RJD official named in his Complaint has been provided actual notice of either the Complaint or his Motion for TRO. Thus, regardless of any conceivable merit, the Court **DENIES** his Motion because it cannot grant Plaintiff injunctive relief when it has no personal jurisdiction over any of the persons he seeks to enjoin. *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

## IV.    **Conclusion and Orders**

For the reasons discussed, the Court **DENIES** Plaintiff's renewed Motion to Proceed IFP (ECF No. 15) because it demonstrates he is able to pay the $400 filing fee in full, **DENIES** his Motion for TRO (ECF No. 17), and **DISMISSES** this civil action without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.

Plaintiff may re-open this case by submitting the full $400 filing fee due by **June 28, 2021**.[2] If he chooses this course, Plaintiff must ensure his check is submitted and made payable to the Clerk of the Court, U.S. District Court, Southern District of California, and include reference to Civil Case No. 3:20-cv-02177-LAB-BGS.

If Plaintiff does *not* submit the full $400 filing fee in one lump sum on or before **June 28, 2021**, the case will remain dismissed without prejudice based on his failure to pay the required filing fee and without any further Order of the Court.

**IT IS SO ORDERED**.

Dated: May 11, 2021

Hon. Larry A. Burns
United States District Judge

---

[2] Plaintiff is cautioned that should he elect to re-open this case by paying the full $400 civil filing fee, his Complaint will still be subject to the mandatory initial screening required by 28 U.S.C. § 1915A. Also enacted as part of the PLRA, § 1915A requires the Court to "review, … as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*, subd. (b)(1), (2). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

3:20-cv-02177-LAB-BGS