UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAWRENCE LATHAM,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, ET AL.,<br><br>Defendants. | Case No.: 3:20-cv-02177-LAB-BGS<br><br>**REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS BE DENIED**<br><br>**[ECF 66, 68]** |

Before the Court are two motions by Joshua Lawrence Latham, Plaintiff, an inmate with the California Department of Corrections and Rehabilitation (CDCR). Plaintiff moves for leave to file a second amended complaint (SAC) (ECF 66), and to amend his pretrial order to extend the time in which he can join parties, amend the pleadings, or file additional pleadings (ECF 68). For the following reasons, the Court recommends that the motions be **DENIED**.

## I.    PROCEDURAL HISTORY

The complaint in this case was filed on November 5, 2020. It was screened under 28 U.S.C. § 1915A, and on November 17, 2021, all claims were dismissed. (ECF 29.) Plaintiff filed a First Amended Complaint (FAC) on December 27, 2021. (ECF 30.) The FAC was screened, and on October 7, 2022, all claims but those against five defendants and alleging due process violations were dismissed. (ECF 41.) On June 25, 2023,

Plaintiff filed a motion for leave to file a SAC and a proposed SAC.[1]  (ECF 66.)  His proposed SAC asserts 12 claims and includes 48 defendants.  (*Id.*)  Count 12 is the only new claim from those asserted in his FAC.[2]  On June 12, this Court ordered a response from Defendants.  (ECF 67.)  On July 21, 2023, Defendants responded to the June 25, 2023, motion.  (ECF 69.)  Meanwhile, on June 27, 2023, Plaintiff filed a motion to amend his pretrial order.  (ECF 68.)  The motion was docketed on July 14, 2023.  (*Id.*)  Plaintiff has not withdrawn his June 25, 2023, motion.  The Court, therefore, addresses both.

## II.     PLAINTIFF'S ARGUMENTS

In his June 25, 2023, motion, Plaintiff argues that he has "newly discovered evidence" that will allow him to assert "additional theories of relief," and requests the opportunity to correct the defects in his FAC for the claims that were dismissed with prejudice on October 7, 2022.  (ECF 66 at 2.)  Plaintiff's purported newly discovered evidence is CDCR memoranda that address incidents Plaintiff reported.  (*Id.* at 1-2.)  The dates of the alleged incidents range from August 12, 2022, (*see* ECF 66-2 at 10) to January 2023.  (ECF 66-2, Exhibit B.)  "Exonerated" is written after each.[3]  Plaintiff argues that the exonerated notations by CDCR are "admissions that [its] officers are in fact operating the microwave weapon described in his FAC at ECF 30 and ECF 31."  (ECF 66 at 1.)  However, the dates of the incidents Plaintiff describes in his proposed SAC range from 2020 to August 19, 2022 (*see* ECF 66-1 at 31).  (ECF 66-1.)  None of the incidents described in Plaintiff's SAC match the incidents with the "exonerated"

---

[1] The date of receipt of the motion by prison officials is the date of filing.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Counts 5-6 and 8 are pending after § 1915A screening of the FAC.  (ECF 41.)  Those claims are based on allegations of due process violations related to involuntary psychiatric transfers at Richard J. Donovan Correctional Facility (RJD).  (*Id.* at 20.)  The remaining counts, 2-4, 7, and 9-11, were dismissed with prejudice.  (*Id.*)  Count 12 is the only claim in Plaintiff's proposed SAC not included in his Complaint or FAC.

[3] Exonerated is defined as "the facts, which provided the basis for the complaint or allegation, did in fact occur; however, the investigation revealed that the actions were justified, lawful, and proper."  Cal. Code Regs. tit. 15, § 3392.1(a)(4).

notation in Exhibit B.  In Defendants' response brief, counsel for Defendants attests that counsel was informed by the prison warden that the use of the term "exonerated" in relation to the investigation into Plaintiff's allegations of assault by microwave technology was an administrative error and that the responses should have read "unfounded."[4]  (Declaration of Peter Ben Nichols in Support of Defendants' Opposition ("Nichols Decl."), ECF 69-1.)

Plaintiff's proposed SAC also adds 43 defendants to the five defendants remaining after § 1915A screening of Plaintiff's FAC.  The claims against the 43 defendants include allegations that officers "physically abuse[d] [Plaintiff] out of retaliation to [his]" complaints; were "assigned to operate an illegal microwave weapon at [RJD]," and committed other acts related to allegations concerning a microwave weapon and the unnecessary use of force during psychiatric transfers.  (ECF 66-1 at 3, 9-14.)

Plaintiff's June 27, 2023, motion seeks to amend the pretrial order to extend the time in which he can move to "join other parties, to amend the pleadings and file additional pleadings regarding [RJD's] investigative services unit officer's stalking, sexual abuse, torture, attempted murder, retaliation and invasion of privacy by use of force with radiation with an illegal microwave weapon."  (ECF 68 at 1.)

### III.   RELEVANT LAW

Newly discovered evidence under Federal Rule of Civil Procedure 60(b) may qualify as a basis for relief from a final order or judgment dismissing claims with prejudice in a § 1983 case.[5]  *See Joseph v. Cal. Prison Indus. Auth.*, No. 2:13-cv-0122 CKD P., 2013 WL 3242233, at *1 (E.D. Cal. June 20, 2013) (citing Fed. R. Civ. P.

---

[4] Unfounded is defined as "[t]he investigation conclusively proved that the act(s) alleged did not occur, or the act(s) may have, or in fact, occurred but the individual employee(s) named in the complaint(s) was not involved."  Cal. Code Regs. tit. 15, § 3392.1(a)(3).

[5] Although Plaintiff fails to cite Rule 60(b) in his newly discovered evidence argument, courts "construe pro se filings liberally" and "afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  The Court has, therefore, addressed the merits of Plaintiff's argument that he has newly discovered evidence under the appropriate legal standard.

1  60(b)(1), (2), (6)). The claims Plaintiff seeks to amend in his motion were dismissed
2  from his FAC with prejudice, or without further leave to amend. (*See* ECF 41.) If a
3  plaintiff meets the standard under Rule 60(b) for newly discovered evidence, he or she
4  may be entitled to relief from such a final order or judgment, which would potentially
5  allow amendment despite a dismissal having been with prejudice. Although leave to
6  amend shall be freely granted under Federal Rule of Civil Procedure 15(a), a court does
7  not have to allow futile amendments. *Id.* at *2. Futility alone can justify denial of a
8  motion to amend a pleading. *Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th
9  Cir. 2014). "[G]ranting leave to amend is a matter of discretion, and the court's
10 'discretion to deny leave to amend is particularly broad' in cases . . . where the plaintiffs
11 have previously amended the complaint." *Schmitz v. A. Asman,* No. 2:20-cv-00195-
12 JAM-CKD PS, 2021 WL 3362811, *7 (E.D. Cal. Aug. 3, 2021), *report and*
13 *recommendation adopted by* No. 2:20-cv-00195-JAM-CKD PS, 2021 WL 4356035 (E.D.
14 Cal. Sept. 23, 2021) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d
15 1047, 1058 (9th Cir. 2011)). Under Rule 16, a scheduling order "may be modified only
16 for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

17  **IV. APPLICATION**

18  The newly discovered evidence to which Plaintiff refers is CDCR memoranda he
19 recently received that have the notation "exonerated" after his individual complaints that
20 CDCR officers operated an illegal microwave weapon. As the Court has pointed out, the
21 memoranda incident dates do not match up with the incident dates alleged in Plaintiff's
22 proposed SAC. Furthermore, counsel for Defendants attests that counsel was informed
23 by the prison warden that the use of the term "exonerated" in relation to the investigation
24 into Plaintiff's allegations of assault by microwave technology was an administrative
25 error and that the responses should have read "unfounded." (Nichols Decl. ¶ 4.)
26  Even assuming the memoranda are somehow indicative of the CDCR admitting
27 generally to Plaintiff's allegations of officers' use of an illegal microwave weapon, the
28 substance of the allegations is obviously entirely frivolous because it lacks an arguable

basis either in law or in fact.[6] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Granting Plaintiff leave to amend his claims would, therefore, be futile. *Taylor v. King Cty. WA*, No. 2:21-cv-1182-MJP-TLF, 2021 WL 5114057, *2 (W.D. Wash. Oct. 14, 2021), *report and recommendation adopted by* No. 2:21-cv-1182-MJP-TLF, 2021 WL 5113459 (Nov. 2, 2021) (recommending denial of a motion to amend a § 1983 complaint because speculative allegations with no basis in law or fact made the complaint frivolous, and any attempt to amend a frivolous complaint would be futile); *Warfield v. Cal. Attorney Gen. Office*, No. 2:17-cv-2544 AC P, 2019 WL 4054021, *2 (E.D. Cal. Aug. 28, 2019), *report and recommendation adopted by* No. 2:17-cv-02544-TLN-AC, 2019 WL 5617993 (E.D. Cal. Oct. 31, 2019) (recommending denial of a motion to amend a § 1983 complaint because "plaintiff is unable to allege any nonfrivolous facts . . . that would state a legally cognizable claim," and amendment would, therefore, be futile).

Allowing Plaintiff to amend the FAC to add 43 defendants would also be futile. The allegations against the 43 individuals either relate to claims based on a microwave weapon or to retaliation against Plaintiff for filing 602 inmate grievances and unnecessary use of force and physical abuse (*see* ECF 66-1 at 3, 9-14), claims already dismissed with prejudice from Plaintiff's FAC (*see* ECF 41 at 20).

The allegations in Plaintiff's June 27, 2023, motion are, likewise, entirely frivolous. Under Rule 16, a scheduling order "may be modified only for good cause and

---

[6] Factual allegations regarding a microwave weapon were already asserted by Plaintiff in his prior § 1983 complaint and were the basis for dismissing the complaint after § 1915A screening. The court held that the allegations "'[rose] to the level of the irrational or the wholly incredible.'" *See Latham v. Doe*, No. 3:20-CV-0354-JLS-BGS, 2020 WL 1692540, * 1 (S.D. Cal. Apr. 7, 2020) (quoting *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992)). The court stated that "'a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke*, 490 U.S. at 325). The court further stated that "'the term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.'" *Id.* (quoting *Neitzke*, 490 U.S. at 325). Finally, "[w]hen determining whether a complaint is frivolous, the court need not accept the allegations as true, but must pierce the veil of the complaint's factual allegations, to determine whether they are fanciful, fantastic, [or] delusional." *Id.* (internal quotation marks omitted).

with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Plaintiff's motion to extend the time in which he may amend his complaint under Rule 16 is based on the same allegations of officers' use of an illegal microwave weapon.  (*See* ECF 68 at 1 (Plaintiff moves for an extension of time so that he may "join other parties, to amend the pleadings and file additional pleadings regarding [RJD's] investigative services unit officer's stalking, sexual abuse, torture, attempted murder, retaliation and invasion of privacy by use of force with radiation with an illegal microwave weapon.").)  The Court has deemed these factual allegations frivolous.  Plaintiff fails to show good cause to extend the time in which he can amend his FAC because his only reason for doing so is to move to amend his FAC to add claims based on frivolous allegations.

## V.   RECOMMENDATION

This report and recommendation of the undersigned Magistrate Judge is submitted to United States District Judge Larry Alan Burns under 28 U.S.C. § 636(b)(1).  For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's motions for leave to file a SAC (ECF 66) and to amend his pretrial order to extend the time in which he can join parties, amend the pleadings, or file additional pleadings (ECF 68) be **DENIED**.

**IT IS ORDERED** that no later than September 12, 2023, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than September 19, 2023.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

Dated:  August 22, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge