UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAWRENCE LATHAM,<br><br>Plaintiff,<br><br>v.<br><br>F. ARMENTA; et al.,<br><br>Defendants. | Case No.:  20-cv-2177-LAB-BGS<br><br>**ORDER:**<br><br>**(1)   OVERRULING PLAINTIFF'S OBJECTIONS, [Dkt. 79];**<br><br>**(2)   ADOPTING THE REPORT AND RECOMMENDATION IN FULL, [Dkt. 72]; and**<br><br>**(3)   DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MOTION TO AMEND THE PRETRIAL ORDER, [Dkt. 66, 68]** |

On November 5, 2020, Plaintiff Joshua Lawrence Latham, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1). The Court screened Latham's Complaint pursuant to 28 U.S.C. § 1915A and dismissed the Complaint without prejudice and with leave to amend. (Dkt. 29). On December 27, 2021, Latham filed an Amended Complaint. (Dkt. 30). The Court screened Latham's Amended Complaint pursuant to § 1915A and dismissed all

claims except the claims for violation of procedural due process under the Fourteenth Amendment in connection with his involuntary psychiatric transfers against Defendants F. Armenta, Daniel Saltzman, M. Val Valaskantijis, Maria Diaz, and Beltran (collectively, "Defendants"). (Dkt. 41). Defendants filed their Answer on February 16, 2023. (Dkt. 51).

On June 25, 2023, Latham mailed his motion for leave to file a Second Amended Complaint ("SAC") asserting twelve claims and including forty-eight defendants. (Dkt. 66, 66-1). Of the twelve claims, "Count 12" is the only one that isn't asserted in his Amended Complaint or original Complaint. Latham argues he should be allowed to amend the complaint because he has newly discovered evidence that suggests officers were in fact operating a microwave weapon. (Dkt. 66-4 at 2). On June 27, 2023, Latham mailed his motion to amend the pretrial order. (Dkt. 68). Again, based on the newly discovered evidence, Latham argues the pretrial order should be amended so he has an opportunity to add in additional allegations and defendants. (Dkt. 68 at 2). Defendants responded to Latham's motion for leave on July 21, 2023. (Dkt. 69).

Both these motions were referred to Magistrate Judge Bernard G. Skomal who, on August 22, 2023, issued his report and recommendation ("R&R"). (Dkt. 72). The R&R set forth a thorough account of the procedural history, relevant law for granting leave to amend a complaint based on new evidence or amending a pretrial scheduling order, and analysis of Latham's arguments, and recommended denying both motions. (*Id.*). Latham timely objected to Judge Skomal's recommendation. (Dkt. 79). For the following reasons, the Court **OVERRULES** Latham's objections and **ADOPTS IN FULL** Judge Skomal's R&R.

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*,

but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also* 28 U.S.C. § 636(b)(1)(C).

On September 5, 2023, Latham filed his objections to Judge Skomal's R&R. (Dkt. 79). He first argues that Judge Skomal's recommendation that the claims involving use of force with radiation with an illegal microwave weapon are frivolous and amendment futile is clearly erroneous and contrary to law. *(Id.* at 1–4). Latham cites to two cases to support his position: *Denton v. Hernandez*, 504 U.S. 25 (1992) and *Johnson v. Silvers*, 742 F.2d 823 (4th Cir. 1984). In *Denton*, the Supreme Court ultimately determined that district courts are in the best position to determine which claims are frivolous and reversed the Ninth Circuit's decision overturning the dismissal of Hernandez's cases as frivolous. *Denton*, 504 U.S. at 33. In *Johnson*, the Fourth Circuit vacated the district court's dismissal of the case because the district court read the allegations too narrowly by focusing on the disagreement about the type of medication prescribed rather than Johnson being forced to take medication against his will, the latter of which the complaint did state a cognizable claim under § 1983. *Johnson*, 742 F.2d at 824–25. Neither of these cases help Latham.

Latham alleges he provided newly discovered evidence of investigation findings of "exonerated" instead of "unfounded" to suggest that officers are in fact operating a microwave weapon in jail. (Dkt. 79 at 2–3). Latham also described devices installed in jail including antennas on lights and a satellite dish installed on the top of the central control that is capable of sending radio waves as further evidence of use of a microwave weapon against him. (*Id.* at 4). Judge Skomal already determined that the evidence that Latham refers to doesn't have the same dates with the incident dates alleged in Latham's proposed SAC. (Dkt. 72 at 4). Defendants also submitted a declaration that the prison warden's use of "exonerated" was an administrative error and the responses should have stated "unfounded" instead. (Dkt. 69 at 2-3; 69-1 at Ex. 1). The Court confirms after review

of the record that the dates of the investigations provided by Latham in Exhibit B don't overlap with the dates alleged in the SAC and the prison warden declared use of exoneration was an administrative error. None of the newly discovered evidence Latham references warrants granting him leave to amend or amending the pretrial scheduling order. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (finding district courts have "particularly broad" discretion in denying a subsequent motion to amend when it has previously granted leave to amend).

Next, Latham argues that Judge Skomal's recommendation that the allegations in the SAC are entirely frivolous and lack an arguable basis in law or in fact is clearly erroneous and contrary to law. (Dkt. 79 at 5). Latham relies on the newly discovered evidence of investigation reports using the word "exonerated" to support his contention that officers used a microwave weapon against him and mentions *Renick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), where the Ninth Circuit held facts should be construed in the light most favorable to plaintiffs. (*Id.*). Even construing the facts in favor of Latham's position, the evidence Latham submitted doesn't match the dates he alleged the incidents occurred in his SAC. Simply submitting further evidence of investigations between September 7, 2022 and February 7, 2023, (*see* Dkt. 79-1), doesn't support the request to grant leave to amend the complaint or amend the pretrial scheduling order.

The Court finds there's no basis to grant Latham leave to amend and no good cause to amend the pretrial scheduling order because his allegations are entirely frivolous and without any basis in fact or law. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609–10 (9th Cir. 1992)

1  (setting forth "good cause" requirement to modify a scheduling order). The Court,
2  therefore, (1) **OVERRULES** Latham's objections, (Dkt. 79); (2) **ADOPTS IN FULL**
3  Judge Skomal's R&R, (Dkt. 72); and (3) **DENIES** Latham's motions, (Dkt. 66, 68).
4      **IT IS SO ORDERED**.

6  Dated: February 2, 2024

*[signature]*

Honorable Larry Alan Burns
United States District Judge