UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAWRENCE LATHAM, CDCR #G-48528,<br><br>                       Plaintiff,<br><br>vs.<br><br>MARCUS POLLARD, et al.,<br><br>                       Defendants. | Case No.: 3:20-cv-02177-RBM-DTF<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596** |

Plaintiff Joshua Lawrence Latham, a prisoner proceeding without counsel, first initiated this civil action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, in November 2020. (*See* Doc. 1.) Latham's Amended Complaint alleges Warden Pollard and several other mental health officials employed by Richard J. Donovan Correctional Facility, violated his due process rights during the course of an involuntary transfer to a psychiatric hospital. (*See* Doc. 30.)

## I.    PROCEDURAL HISTORY

On May 7, 2024, the Court granted in part and denied in part Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (*See* Doc. 101.) Specifically, the Court granted summary judgment as to Latham's Fourteenth Amendment claims on behalf of Defendants Diaz, Valaskantjis, Beltran, and Saltzman, but found genuine disputes of

material fact requiring a trial on the merits as to the Fourteenth Amendment due process violation he alleges was committed by Warden Pollard pursuant to *Vitek v. Jones*, 445 U.S. 480, 487–94 (1980). (*See id.* at 22.) In its Order, the Court also noted the potential for pro bono representation under its Plan for the Representation of *Pro Se* Litigants in Civil Cases, as adopted by General Order 596. (*Id.*)

## II.   APPOINTMENT OF COUNSEL

There is no right to counsel in a civil action, but a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Latham's prior motion requesting the appointment of counsel was denied because like most litigants, he failed to meet the exceptional circumstances requirement at the initial pleading and screening stages of his case. (*See* Doc. 12; *see also Hearn v. RJD Warden*, No. 22-CV-255-TWR-DDL, 2022 WL 17407996, at *2 (S.D. Cal. Dec. 2, 2022) (when a pro se plaintiff's allegations "remain unproven … [a]t th[e] early stage of the proceedings, there is no basis upon which the Court can predict [his] success at trial."); *Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying prisoner's motion to appoint counsel where it "[was] simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim").)

And while Latham has since demonstrated both an ability to articulate his claims and to partially survive summary judgment while proceeding without the assistance of trained counsel, the likelihood of success on the merits—at least with respect to his remaining Fourteenth Amendment due process claims against Warden Pollard—increased as a result of the Court's May 7, 2024 summary judgment ruling. *Cf. Garcia v. Smith*, 2012 WL

2499003, at *3 (S.D. Cal. 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether plaintiff's complaint would survive [defendant's pending motion for] summary judgment.").

For these reasons, and in light of the impending trial, the Court elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and requested volunteer pro bono counsel for purposes of representing Latham at trial under the provisions of General Order 596. The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See* S.D. Cal. Gen. Order 596. Thus, because the Court finds the ends of justice would be served by the appointment of pro bono counsel under the circumstances, it randomly referred Latham's case to an available volunteer attorney on its Pro Bono Panel. That volunteer has communicated with Mr. Latham and has since graciously agreed to represent him pro bono during the course of all further proceedings held before this Court in this case. *See* S.D. Cal. Gen. Order 596.

### III.   CONCLUSION

For the reasons discussed, the Court **APPOINTS** Kenan Gultekin, SBN 267562, of KG Law SD, APC, 427 C Street, Suite 306, San Diego, California 92101-5122, as Pro Bono Counsel for Plaintiff Joshua Lawrence Latham.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel must file, within fourteen (14) days of this Order, if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff Latham and his newly appointed counsel. This Notice of Substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff Latham for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. Cal. CivLR 83.3.f.1, 2.[1]

---

[1] Latham is cautioned that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the

The Court further **DIRECTS** the Clerk of the Court to forward Mr. Gultekin a copy of this Order upon entry in CM/ECF to kenan@kglaw.com and to also serve Gultekin with a copy via U.S. Mail at the address listed above upon filing. *See* S.D. Cal. CivLR 83.3.f.2.

**IT IS SO ORDERED**.

Date: July 10, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

proceedings, and has been able to locate an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case. Nor does it permit him an attorney of his choosing, or guarantee any subsequent Pro Bono Panel referral or appointment. *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").